IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony James Merrick,<br><br>           Petitioner,<br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-19-00172-PHX-SPL<br><br>**ORDER** |

The Court has before it, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), the Answer from the Respondents (Doc. 14), and the Petitioner's Traverse Reply. (Doc. 41) Additionally, the Court is in receipt of the Report and Recommendation of the Magistrate Judge (Doc. 53), Petitioner's Objections (Doc. 60), the Response to the Objections (Doc. 61), and the Petitioner's Appeal to Separate Motions. (Doc. 63)

In the instant Petition, the Petitioner argues six instances where the Petitioner believed the performance of his trial and appellant counsel were ineffective. (Doc. 1 at 1-69) Additionally, the Petitioner argues a trial counsel conflict of interest and that several times his due process rights were violated. (Id. at 33-71)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires

specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been thoroughly considered, although they constitute a recitation of what was previously filed and addressed by Judge Fine.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Fine. Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 53) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 60) are **overruled**;

3. That Petitioner's Motion to Include Rule 32 Exhibits (Doc. 35) is **granted**;

4. That Petitioner's Motion for Respondents to Provide Copies of Petitioner's Full Petition (Doc. 15) is **denied** as moot;

5. That Petitioner's Motion to Expand the record (Doc. 18) is **denied**;

6. That Petitioner's Motion for Meaningful Access to Legal Resources (Doc. 21) is **denied**;

7. That Petitioner's Motion for Evidentiary Hearing (Doc. 23) is **denied**;

8. That Petitioner's Motion to Strike (Doc. 36) is **denied**;

9. That Petitioner's Motion for Leave to File Notice of Removal (Doc. 45) is **denied**;

10. That Petitioner's Motion to Appeal to Judge to Separate Motion (Doc. 63) is **denied**;

11. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

12. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

13. That the Clerk of Court shall enter judgment according and terminate this action.

Dated this 11th day of September 2019.

Honorable Steven P. Logan
United States District Judge